UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CYNTHIA A. ALBERT and )
EDWARD ALBERT, )
    Plaintiffs )
)
vs. )    C.A. NO. 04-CV-10205-WGY
)
CITY OF LEOMINSTER and )
RICHARD LEAHEY, )
    Defendants )
_____)

## ANSWER OF DEFENDANT CITY OF LEOMINSTER

For its Answer to the Complaint filed in this matter by the plaintiffs, Cynthia A. Albert and Edward Albert, the defendant City of Leominster (the "City") states as follows:

### PARTIES

1. The City admits, on information and belief, the allegations in Paragraph 1 of the Complaint.

2. The City admits, on information and belief, the allegations in Paragraph 2 of the Complaint.

3. The City admits the allegations in Paragraph 3 of the Complaint.

4. The City admits, on information and belief, the allegations in Paragraph 4 of the Complaint.

### COUNT I

5. The City repeats and incorporates by reference its responses to Paragraphs 1-4 of the Complaint.

6. The City admits the allegations in Paragraph 6 of the Complaint.

7. In response to the allegations in Paragraph 7 of the Complaint, the City admits, on

information and belief, that Leahey went to the plaintiffs' home on or about December 26, 2001 to read their water meter. Further answering, the City states that insofar as Paragraph 7 might be construed as alleging that Leahey was acting within the scope of his employment throughout the time period in which he was present at the plaintiffs' home that day, such allegation constitutes an assertion of law to which a responsive pleading is not required.

8. The City is without sufficient knowledge or information to admit or deny the allegations in Paragraph 8 of the Complaint.

9. The City is without sufficient knowledge or information to admit or deny the allegations in Paragraph 9 of the Complaint.

10. The City is without sufficient knowledge or information to admit or deny the allegations in Paragraph 10 of the Complaint.

11. The City is without sufficient knowledge or information to admit or deny the allegations in Paragraph 11 of the Complaint.

12. The City is without sufficient knowledge or information to admit or deny the allegations in Paragraph 12 of the Complaint.

13. The City is without sufficient knowledge or information to admit or deny the allegations in Paragraph 13 of the Complaint.

14. The City is without sufficient knowledge or information to admit or deny the allegations in Paragraph 14 of the Complaint.

15. The City is without sufficient knowledge or information to admit or deny the allegations in Paragraph 15 of the Complaint.

16. The City is without sufficient knowledge or information to admit or deny the allegations in Paragraph 16 of the Complaint.

17. The City is without sufficient knowledge or information to admit or deny the

allegations in Paragraph 17 of the Complaint.

18. The City denies the allegations in Paragraph 18 of the Complaint.

19. The City states that the allegations in Paragraph 19 constitute an assertion of law to which a responsive pleading is not required, except that the City admits that it received a copy of the letter attached as Exhibit A to the Complaint.

20. The City admits the allegations in Paragraph 20 of the Complaint.

## COUNT II

21. The City repeats and incorporates by reference its responses to Paragraphs 1-20 of the Complaint.

22. The City neither admits nor denies the allegations in Paragraph 22 of the Complaint, as this count of the Complaint is not directed at the City.

23. The City neither admits nor denies the allegations in Paragraph 23 of the Complaint, as this count of the Complaint is not directed at the City.

24. The City neither admits nor denies the allegations in Paragraph 24 of the Complaint, as this count of the Complaint is not directed at the City.

## COUNT III

25. The City repeats and incorporates by reference its responses to Paragraphs 1-24 of the Complaint.

26. The City admits, on information and belief, the allegations in Paragraph 26 of the Complaint.

27. The City denies the allegations in Paragraph 27 of the Complaint.

28. The City states that the allegations in Paragraph 28 constitute an assertion of law to which a responsive pleading is not required, except that the City admits that it received a

copy of the letter attached as Exhibit A to the Complaint.

29. The City admits the allegations in Paragraph 29 of the Complaint.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against the City on the basis of which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Any damages that the plaintiffs may have sustained were caused by a party or parties for whose conduct the City was and is not legally responsible.

### THIRD AFFIRMATIVE DEFENSE

The plaintiffs failed to make valid presentment of their claims against the City in accordance with M.G.L. c. 258.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiffs' claims against the City are barred by M.G.L. c. 258, § 10(c).

### FIFTH AFFIRMATIVE DEFENSE

The plaintiffs' claims against the City are barred by M.G.L. c. 258, § 10(j).

## **JURY DEMAND**

The City hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

CITY OF LEOMINSTER,

By its attorneys,

PIERCE, DAVIS & PERRITANO, LLP

*[signature]*

John J. Cloherty III, BBO #566522
Brian D. Carlson, BBO #566868
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

Dated: February 4, 2004

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon each attorney of record, or pro se litigant, by mail on February 4, 2004.

*[signature]*

5