MAS-20030912     Case 1:04-cv-10205-WGY    Commonwealth of Massachusetts    Filed 02/19/2004    Page 1 of 13    02/02/2004
walsh_r                                            WORCESTER SUPERIOR COURT                     11:22 AM
Case Summary
Civil Docket

*04-10205-WGY*

## WOCV2003-02463
## Albert et al v Leominster et al

| File Date | 12/23/2003 | Status | Disposed: transfered to other court (dtrans) |
| --- | --- | --- | --- |
| Status Date | 01/30/2004 | Session | B - Civil B (18 Worcester) |
| Origin | 1 | Case Type | E03 - Action against Commonwealth/municpl |
| Lead Case | | Track | A |

| Service | 03/22/2004 | Answer | 05/21/2004 | Rule12/19/20 | 05/21/2004 |
| --- | --- | --- | --- | --- | --- |
| Rule 15 | 03/17/2005 | Discovery | 02/10/2006 | Rule 56 | 04/11/2006 |
| Final PTC | 08/09/2006 | Disposition | 12/22/2006 | Jury Trial | Yes |

### PARTIES

**Plaintiff**
Cinthia A Albert
4 Prospect Avenue
Active 12/23/2003

**Private Counsel 554352**
David P Bodanza
Bodanza & Bodanza
106 Merriam Avenue
Leominster, MA 01453
Phone: 978-840-0500
Fax: 978-840-1222
Active 12/23/2003 Notify

**Plaintiff**
Edward Albert
4 Prospect Avenue
Active 12/23/2003

*** See Attorney Information Above ***

**Defendant**
City of Leominster
City Hall
25 West Street
Served: 12/29/2003
Served (answr pending) 01/08/2004

**Defendant**
Richard Leahey
352 Pratt Road
Served: 12/30/2003
Served (answr pending) 01/08/2004

### ENTRIES

| Date | Paper | Text |
| --- | --- | --- |
| 12/23/2003 | 1.0 | Complaint & civil action cover sheet filed -CJ |
| 12/23/2003 | | Origin 1, Type E03, Track A. |
| 12/23/2003 | | Filing fee paid in the amount of $275.00, surcharge in the amount of |

MAS-20030912
walsh_r

Case 1:04-cv-10205-WGY   Document 1   Filed 02/19/2004   Page 2 of 13

Commonwealth of Massachusetts
WORCESTER SUPERIOR COURT
Case Summary
Civil Docket

02/02/2004
11:22 AM

### WOCV2003-02463
### Albert et al v Leominster et al

| Date | Paper | Text |
|---|---|---|
| | | $15.00 including $20.00 security fee.($275.00) |
| 01/08/2004 | 2.0 | SERVICE RETURNED: City of Leominster(Defendant) 12/29/03 (agent, person in charge) |
| 01/08/2004 | 3.0 | SERVICE RETURNED: Richard Leahey(Defendant) 12/30/03 (last and usual place of abode) |
| 01/30/2004 | 4.0 | Deft. City of Leominster notice of REMOVED to US District Court of Massachusetts cert. copies mailed |

### EVENTS

| Date | Session | Event | Result |
|---|---|---|---|
| 12/23/2004 | Civil B (18 Worcester) | Status: Review Annual Fee<br>Send Notice | |

A true copy by photostatic process
Attest: *[signature]*
Asst. Clerk

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 03-2463 β | Trial Court of Massachusetts Superior Court Department |
|---|---|---|
| | | County: Worcester |

**PLAINTIFF(S)**
CYNTHIA A. ALBERT and EDWARD ALBERT

**DEFENDANT(S)**
CITY OF LEOMINSTER and RICHARD LEAHEY

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE**
David P. Bodanza, Esq. BBO # 554352
BODANZA & BODANZA, 106 Merriam Avenue, LEOMINSTER
Board of Bar Overseers number: MA 01453 978-840-0500

**ATTORNEY** (if known)

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| E03 | Action against municip. | (A) | (XX) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ........................................................................ $..............
2. Total Doctor expenses .......................................................................... $..............
3. Total chiropractic expenses .................................................................. $..............
4. Total physical therapy expenses ........................................................... $..............
5. Total other expenses (describe) ............................................................ $..............
                                                                            Subtotal $..............
B. Documented lost wages and compensation to date ................................ $..............
C. Documented property damages to date ................................................. $..............
D. Reasonably anticipated future medical and hospital expenses ................ $..............
E. Reasonably anticipated lost wages ........................................................ $..............
F. Other documented items of damages (describe)
                                                                                       $..............
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                                                                       $..............
                                                                            TOTAL $..............

### CONTRACT CLAIMS
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

                                                                            TOTAL $..............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____  DATE: 12/22/03

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

# CIVIL ACTION COVER SHEET
## INSTRUCTIONS

### SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

| | CONTRACT | | | | REAL PROPERTY | | | | MISCELLANEOUS | |
|---|---|---|---|---|---|---|---|---|---|---|
| A01 | Services, labor and materials | (F) | | C01 | Land taking (eminent domain) | (F) | | E02 | Appeal from administrative | (X) |
| A02 | Goods sold and delivered | (F) | | C02 | Zoning Appeal, G.L. c.40A | (F) | | | Agency G.L. c. 30A | |
| A03 | Commercial Paper | (F) | | C03 | Dispute concerning title | (F) | | E03 | Action against Commonwealth | |
| A08 | Sale or lease of real estate | (F) | | C04 | Foreclosure of mortgage | (X) | | | Municipality, G.L. c.258 | (A) |
| A12 | Construction Dispute | (A) | | C05 | Condominium lien and charges | (X) | | E05 | All Arbitration | (X) |
| A99 | Other (Specify) | (F) | | C99 | Other (Specify) | (F) | | E07 | c.112,s.12S (Mary Moe) | (X) |
| | TORT | | | | | | | E08 | Appointment of Receiver | (X) |
| B03 | Motor Vehicle negligence- | | | | EQUITABLE REMEDIES | | | E09 | General contractor bond, | |
| | personal injury/property damage | (F) | | D01 | Specific performance of contract | (A) | | | G.L. c.149,s.29,29a | (A) |
| B04 | Other negligence-personal | | | D02 | Reach and Apply | (F) | | E11 | Workman's Compensation | (X) |
| | injury/property damage | (F) | | D06 | Contribution or Indemnification | (F) | | E14 | Chapter 123A Petition-SDP | (X) |
| B05 | Products Liability | (A) | | D07 | Imposition of Trust | (A) | | E15 | Abuse Petition, G.L.c.209A | (X) |
| B06 | Malpractice-medical | (A) | | D08 | Minority Stockholder's Suit | (A) | | E16 | Auto Surcharge Appeal | (X) |
| B07 | Malpractice-other(Specify) | (A) | | D10 | Accounting | (A) | | E17 | Civil Rights Act, G.L.c.12,s.11H | (A) |
| B08 | Wrongful death,G.L.c.229,s2A | (A) | | D12 | Dissolution of Partnership | (F) | | E18 | Foreign Discovery proceeding | (X) |
| B15 | Defamation (Libel-Slander) | (A) | | D13 | Declaratory Judgment G.L.c.231A | (A) | | E96 | Prisoner Cases | (F) |
| B19 | Asbestos | (A) | | D99 | Other (Specify) | (F) | | E97 | Prisoner Habeas Corpus | (X) |
| B20 | Personal Injury-Slip&Fall | (F) | | | | | | E99 | Other (Specify) | (X) |
| B21 | Environmental | (A) | | | | | | | | |
| B22 | Employment Discrimination | (F) | | | | | | | | |
| B99 | Other (Specify) | (F) | | | | | | | | |

### TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | ☒ Yes  ☐ No |

### SUPERIOR COURT RULE 29

**DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT, BUFF COLOR PAPER.

FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
MAY RESULT IN DISMISSAL OF THIS ACTION.

A true copy by photostatic process
Attest: *[signature]*
Asst. Clerk

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.                                    SUPERIOR COURT DEPARTMENT
                                                  CIVIL ACTION NO.
                                                                    03-2465

CYNTHIA A. ALBERT and          )
EDWARD ALBERT, Plaintiffs      )
                               )
                               )
                               )
V.                             )
                               )
                               )
CITY OF LEOMINSTER and         )
RICHARD LEAHEY    Defendants   )

FILED DEC 2 3 2003

# COMPLAINT AND JURY DEMAND

### PARTIES

1.  The Plaintiff, Cynthia A. Albert ("Mrs. Albert"), is an individual residing at 4 Prospect Avenue, Leominster, Worcester County, Massachusetts, and is a citizen of the United States.

2.  The Plaintiff, Edward Albert, is an individual residing at 4 Prospect Avenue, Leominster, Worcester County, Massachusetts, and is a citizen of the United States.

3.  The Defendant, City of Leominster, is a municipal corporation organized and existing under the laws of the Commonwealth of Massachusetts having a principal place of business at City Hall, 25 West Street, Leominster, Worcester County, Massachusetts.

4.  The Defendant, Richard Leahey (hereinafter "Leahey"), is an individual residing at 352 Pratt Road, Fitchburg, Worcester County, Massachusetts.

### COUNT I
*(Cynthia A. Albert v. City of Leominster)*

5.  The Plaintiff, Cynthia A. Albert, repeats and realleges the allegations made in paragraphs 1 through 4, inclusive, as though fully set forth herein.

6.  At all times relevant herein, Leahey was employed by the City of Leominster as a water meter reader.

1

7. On December 26, 2001, Leahey, as an agent or employee of the City of Leominster acting within the scope of his employment, came to the Plaintiffs' home at 4 Prospect Avenue in Leominster in order to read the Plaintiff's water meter.

8. Mrs. Albert proceeded to allow Leahey to pass though the interior of her home to reach the water meter located in the backyard, as the meter in the backyard was inaccessible from the exterior of the premises due to a fence with a locked gate. Whereupon, Leahey proceeded to the backyard to read the meter.

9. Upon finishing his task, Leahey returned inside to Mrs. Albert's living room and attempted to engage her in casual conversation.

10. While Leahey was speaking, Mrs. Albert became quite uncomfortable and concerned because he was drawing nearer to her as he spoke.

11. Leahey's conversation became more personal on his part, including, but not limited to, informing Mrs. Albert of his financial difficulties, his drinking habits and his recent medical tests evidencing high cholesterol, high blood pressure and hepatitis C. Leahey appeared disheveled and troubled and had sores on his lips.

12. Leahey continued speaking for about a half hour, whereupon Mrs. Albert spoke about her husband and proceeded to walk towards her front door in the hope that he would leave.

13. Leahey then puckered his lips and placed his arm around her left arm and attempted to kiss her on the lips. Mrs. Albert was able to turn her head in time so that Leahey's kiss landed on her neck instead of lips.

14. Mrs. Albert continued to walk outside of her home so that Leahey would follow. Once they were outside, Mrs. Albert immediately closed her front door behind them and told him that she had to return back inside.

15. Whereupon, Leahey stated that he had to leave as well and after standing on her porch for 3 to 4 minutes, he left the premises.

16. Mrs. Albert returned inside traumatized by the events which took place.

17. Leahey's conduct has caused the recurrence and exacerbation of Mrs. Albert's disabling mental health condition which has resulted in severe depression and mental anguish. Mrs. Albert is currently receiving psychological counseling and is on medication for her

2

condition.

18. As a proximate and reasonably foreseeable result of the City of Leominster's negligent failure to provide proper and adequate training and supervision of Leahey, and its negligence in continuing to employ Leahey despite his prior history, Mrs. Albert sustained serious personal injuries, incurred medical expenses, suffered and continues to suffer great pain of mind and body and will be obliged to continue to incur additional medical expenses for treatment.

19. On or about January 31, 2003, Mrs. Albert, by and through counsel, presented her claim in writing to the executive officer of the City of Leominster, pursuant to G.L. c. 258, §4, by mailing the same by certified mail to the Mayor and City Solicitor of the City of Leominster. A copy of the same and the return receipts are attached hereto as **Exhibit A** and incorporated by reference herein.

20. On or about December 17, 2003, said executive officer, by and through its insurer, denied Mrs. Albert's claim in writing. A copy of said denial is attached hereto as **Exhibit B** and incorporated by reference herein.

WHEREFORE, the Plaintiff, Cynthia A. Albert, demands judgment against the Defendant, City of Leominster, for compensatory damages, together with interest, costs and such other and further relief as this Honorable Court may deem just and appropriate.

**COUNT II**
(*Cynthia A. Albert v. Richard Leahey*)

21. The Plaintiff, Cynthia A. Albert, repeats and realleges the allegations made in paragraphs 1 through 20, inclusive, as though fully set forth herein.

22. Leahey was acting under color of state law in his reading of the Plaintiffs' water meter on behalf of the City of Leominster.

23. Leahey with deliberate indifference and without due process wrongfully and willfully deprived Mrs. Albert of her liberty right to bodily integrity and privacy as guaranteed by the Fourteenth Amendment to the United States Constitution, all in violation of 42 U.S.C. §1983.

24. As a proximate and reasonably foreseeable result of the same, Mrs. Albert

3

sustained serious personal injuries, incurred medical expenses, suffered and continue to suffer great pain of mind and body and will be obliged to continue to incur additional medical expenses for treatment.

WHEREFORE, the Plaintiff, Cynthia A. Albert, demands judgment against the Defendant, Richard Leahey, and respectfully requests this Honorable Court to award damages in an amount deemed appropriate and just, together with costs, interest and a reasonable attorney's fee.

### COUNT III

*(Edward Albert v. City of Leominster)*

25.   The Plaintiff, Edward Albert, repeats and realleges the allegations made in paragraphs 1 through 24, inclusive, as though fully set forth herein.

26.   The Plaintiff, Edward Albert, is and was at all relevant times herein, the spouse of the Plaintiff Cynthia A. Albert.

27.   As a proximate and reasonably foreseeable result of the City of Leominster's negligent failure to provide proper and adequate training and supervision of Leahey, and its negligence in continuing to employ Leahey despite his prior history, Edward Albert sustained the loss of consortium of his spouse.

28.   On or about January 31, 2003, Edward Albert, by and through counsel, presented his claim in writing to the executive officer of the City of Leominster, pursuant to G.L. c. 258, §4, by mailing the same by certified mail to the Mayor and City Solicitor of the City of Leominster. A copy of the same and the return receipts are attached hereto as **Exhibit A** and incorporated by reference herein.

29.   On or about December 17, 2003, said executive officer, by and through its insurer, denied Edward Albert's claim in writing. A copy of said denial is attached hereto as **Exhibit B** and incorporated by reference herein.

WHEREFORE, the Plaintiff, Edward Albert, demands judgment against the Defendant, City of Leominster, for compensatory damages, together with interest, costs and such other and further relief as this Honorable Court may deem just and appropriate.

4

**JURY DEMAND**

THE PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Dated:  December 22, 2003

                                                           The Plaintiffs,
By their Attorney:

_/s/ David P. Bodanza_
David P. Bodanza, Esquire
BODANZA & BODANZA
106 Merriam Avenue
Leominster, MA 01453
(978) 840-0500
BBO #554352

5

# COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

**FILED**
JAN 8 - 2004
ATTEST: *[signature]* Francis A. Ford, CL.

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action

No. 03-2463 B

CYNTHIA A. ALBERT and
EDWARD ALBERT,

          Plaintiff(s)

V.

CITY OF LEOMINSTER and
RICHARD LEAHEY,

          Defendant(s)

## SUMMONS

\* To the above-named Defendant: City of Leominster, City Hall, 25 West Street, Leominster, MA 01453

You are hereby summoned and required to serve upon David P. Bodanza, Esquire, plaintiff's attorney, whose address is 106 Merriam Avenue, Leominster, MA 01453 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the SUPERIOR COURT Department of the Trial Court at WORCESTER either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction of occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, SUZANNE V. DEL VECCHIO, Esquire, at Worcester, the 23rd day of December in the year of our Lord two thousand and three.

*[signature] Francis A. Ford*

**Clerk**

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED: (TORT) — MOTOR VEHICLE TORT — CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

\* NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior Court, Room 21.



**Worcester County Sheriff's Office** • P.O. Box 1066 • Worcester, MA 01613 • (508) 752-1100

Worcester, ss

01/05/2004

I hereby certify and return that on 12/29/2003 at 12:30pm I served a true and attested copy of the Summons and Complaint & Jury Demand, Exhibits A&B, Civil Action Cover Sheet in this action in the following manner: To wit, by delivering in hand to JOAN JUDY, ASSISTANT TREASURER, agent, person in charge at the time of service for CITY OF LEOMINSTER at CITY HALL - 25 WEST ST, LEOMINSTER, MA. Fees: Service 30.00, Travel 12.16, Conveyance 3.00, , Total fees: $51.16

Deputy Sheriff James T Connolly Jr.

*Deputy Sheriff*

**N.B. TO PROCESS SERVER:**

PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX
ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

A true copy by photostatic process
Attest: _____
Asst. Clerk

, 20

**COMMONWEALTH OF MASSACHUSETTS**

Worcester, ss.

Superior Court
Civil Action

No. 03-2463-B

CYNTHIA A. ALBERT and EDWARD ALBERT, .................... Plaintiffs

v.

CITY OF LEOMINSTER and RICHARD LEAHEY, .................... Defendants

**SUMMONS**

(Mass. R. Civ. P. 4)

## COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

**FILED**

JAN 8 - 2004

ATTEST: _[signature]_ Francis A. Ford
CLERK

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action

No. 03-2463B

CYNTHIA A. ALBERT and
EDWARD ALBERT,

Plaintiff(s)

V.

CITY OF LEOMINSTER and
RICHARD LEAHEY,

Defendant(s)

**SUMMONS**

* To the above-named Defendant: Richard Leahey, 352 Pratt Road, Fitchburg, MA 01420

You are hereby summoned and required to serve upon David P. Bodanza, Esquire, plaintiff's attorney, whose address is 106 Merriam Avenue, Leominster, MA 01453 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the SUPERIOR COURT Department of the Trial Court at WORCESTER either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counter-claim any claim which you may have against the plaintiff which arises out of the transaction of occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, SUZANNE V. DEL VECCHIO, Esquire, at Worcester, the 23rd day of December in the year of our Lord two thousand and three.

_[signature]_ Francis A. Ford

**Clerk**

**NOTES:**
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED: (TORT) — MOTOR VEHICLE TORT — CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

* NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior Court, Room 21.



**Worcester County Sheriff's Office** • P.O. Box 1066 • Worcester, MA 01613 • (508) 752-1100
Worcester, ss

01/02/2004

I hereby certify and return that on 12/30/2003 at 09:30am I served a true and attested copy of the Summons and Complaint & Jury Demand, Exhibits A&B, Civil Action Cover Sheet in this action in the following manner: To wit, by leaving at the last and usual place of abode of RICHARD LEAHEY AKA RICHARD LEAHY at 352 PRATT RD #1, FITCHBURG, MA. Fees: Service 20.00, Travel 14.08, Conveyance 2.00, Attest 5.00 & Postage and Handling 1.00, Total fees: $42.08

Deputy Sheriff John C Curran

*Deputy Sheriff*

**N.B. TO PROCESS SERVER:**

PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

A true copy by photostatic process
Attest:
Asst. Clerk

, 20

**COMMONWEALTH OF MASSACHUSETTS**
Worcester, ss.

Superior Court
Civil Action
No. 03-2463-B

CYNTHIA A. ALBERT and
EDWARD ALBERT .................. Plaintiffs

v.

CITY OF LEOMINSTER and
RICHARD LEAHEY .................. Defendants

**SUMMONS**
(Mass. R. Civ. P. 4)